IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

OHIO VALLEY ENVIRONMENTAL
COALITION, *et al.*,

    Plaintiffs,

v.                                              Civil Action No. 2:17-cv-03013

FOLA COAL COMPANY, LLC,

    Defendant.

**PLAINTIFFS' SURREPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

In its motion to dismiss, Fola Coal Company, LLC (Fola) argued that all of Plaintiffs' claims are barred by res judicata. Fola's motion and supporting memorandum did not mention anything about collateral estoppel. ECF 10. Plaintiffs therefore limited their response to the issue of res judicata. In its reply, Fola argues for the first time that Plaintiffs are collaterally estopped from relitigating the issue of whether Fola's discharges from Outlets 022 and 023 at its Mine No. 4A cause downstream biological impairment. ECF 13 at 3-6. Res judicata and collateral estoppel are different defenses with different legal requirements. Res judicata precludes re-litigation of claims. Collateral estoppel precludes re-litigation of specific issues. Plaintiffs therefore file this surreply because they have had no prior opportunity to address Fola's collateral estoppel argument.

Collateral estoppel "precludes re-litigation of issues of fact or law that are *identical* to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." *Weinberger v. Tucker*, 510 F.3d 486 (4th Cir. 2007), *quoting Virginia Hosp. Ass'n v. Baliles*, 830

F.2d 1308, 1311 (4th Cir. 1987) (emphasis added). Collateral estoppel does not apply here because the causation issue here is not identical to the causation issue that was decided in *OVEC v. Fola Coal Co., LLC,* 120 F. Supp. 3d 509, 543-44 (S.D. W.Va. 2016) (*Fola I*).

In *Fola I,* this Court decided that Plaintiffs had proved general causation. "Plaintiffs proved by a preponderance of the evidence that conductivity, as a measure of a consistent mix of ions typical of alkaline mine drainage in the Appalachian region, may cause or materially contribute to biological impairment to aquatic life as measured by the West Virginia Stream Condition Index ("WVSCI"), thereby constituting a violation of the narrative water quality standards incorporated into Defendant's permits, *i.e.,* that high conductivity levels in streams impacted by alkaline mine drainage causes or contributes to biological impairment." *Id.* at 515. Consequently, Plaintiffs are not collaterally estopped regarding general causation because they prevailed on that issue.

The Court then addressed the issue of specific causation, which was whether "high conductivity levels, caused by Defendant's mine discharges, are causing or materially contributing to biological impairment *in this particular instance*." *Id.* at 537 (emphasis added). For Mine No. 4A, Plaintiffs had to prove that Fola's discharges from Outlets 022, 023 and 027 prior to September 2014 specifically caused or materially contributed to the biological impairment that Plaintiffs' experts measured downstream in Right Fork of Leatherwood Creek in May 2014. *Id.* at 514, 539-41. The Court held that Plaintiffs did not meet their burden of proof on this issue because they had not isolated the effects of upstream outlets from the effects of Outlets 022, 023 and 027, and therefore the Court "cannot connect the discharges at issue to the [downstream] area where Plaintiffs performed compliance sampling." *Id.* at 544. The material

contribution determination required analysis of the relative contributions of all of the discharges from the outlets contributing into that section of the stream, but Plaintiffs had not done a full analysis of all of those outlets for the time period at issue in that case.

That is not the identical issue as the specific causation issue presented in this case. Here, the issue is whether Fola's discharges from Outlets 022 and 023 from January 2015 to the present cause or materially contribute to biological impairment, when Fola's own Discharge Monitoring Reports show that its upstream outlets had no flow or were not constructed during that time. Complaint, ¶¶ 42, 55-56, ECF 1. The fact that the discharges span an entirely different time period is sufficient by itself to create a different fact issue for trial. As we showed in our prior brief, each discharge is a new violation and a new cause of action. ECF 12 at 6-8. Furthermore, specific causation depends on an analysis of the specific amounts of flow from the different outlets at the time each discharge occurred. That is a time-specific and place-specific determination. The facts have changed since this Court decided *Fola I*. Collateral estoppel does not apply because the violations are different, the time period is different, the facts are different, and the specific causation issue is different. This Court did not decide in *Fola I* that Outlets 023 and 027 are incapable of causing or materially contributing to biological impairment for all time, regardless of the amount of flow or pollutants they discharge. Nor did the Court find that the relative contributions from the different outlets were fixed amounts. The Court only made a determination on that issue for the particular time period presented by the discharges in that case.

The courts have not applied collateral estoppel in similar situations where the claims depend on different facts on causation. For example, in *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 249 F.R.D. 390, 393 (S.D. Fla. 2008), the court held that collateral estoppel did not preclude

re-litigation of whether defendant's defective resin caused particular windows to de-laminate. The court stated that "the parties should not be precluded from litigating this issue in light of changed factual circumstances, i.e., the specific windows and doors that are at issue in this case and the variables that might affect whether Reichhold's resin is the legal cause of the damages the parties are seeking in this action." *Id.*

The Third Circuit has stated that "[c]ollateral estoppel applies only when the same issues decided in the past action arise again in the present context, … so that when significant new facts grow out of a continuing course of conduct the issues in a successive suit may fail to constitute the same 'issue' so as to merit preclusive effect." *Hawksbill Sea Turtle v. Federal Emergency Management Agency*, 126 F.3d 461, 476–477 (3d Cir. 1997). The fact that Fola's upstream outlets on Right Fork had no flow or were not even constructed at the time that Fola discharged high conductivity from Outlets 022 and 023 to the present is significant new information that precludes applying collateral estoppel to the prior judgment.

Furthermore, the Tenth Circuit and other jurisdictions have recognized "the principle that matters adjudged as to one time period are not necessarily an estoppel to other time periods." *B-S Steel of Kansas, Inc. v. Texas Indus., Inc.*, 439 F.3d 653, 663 (10th Cir. 2006), *quoting Int'l Shoe Mach. Corp. v. United Shoe Mach. Corp.*, 315 F.2d 449, 455 (1st Cir. 1963); *see also Harkins Amusement Enters., Inc. v. Harry Nace Co.*, 890 F.2d 181, 183 (9th Cir. 1989) (rejecting idea that collateral estoppel barred a suit for conspiracy where "the plaintiff alleges conduct that occurred in a different time period"). A party "need only point to one material differentiating fact that would alter the legal inquiry here and thereby overcome the preclusive effect." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1319 (11th Cir. 2012),

4

*quoting CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003).

The absence of flow in upstream outlets during the new time period in this case is such a material distinguishing fact.[1]

## Conclusion

For these reasons, Fola's motion to dismiss should be denied.

Respectfully submitted,

s/ J. Michael Becher
J. Michael Becher (WV Bar No. 10588)
Joseph M. Lovett (WV Bar No. 6926)
Appalachian Mountain Advocates
PO Box 507
Lewisburg, WV 24901
(304) 382-4798
mbecher@appalmad.org
jlovett@appalmad.org

James M. Hecker (DC Bar. No. 291740)
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
jhecker@publicjustice.net

Counsel for Plaintiffs

---

[1] *See also Khandhar v. Elfenbein*, 943 F.2d 244, 249 (2d Cir. 1991) ("If significant new evidence is uncovered subsequent to the proceeding said to result in an estoppel of the present action, then it cannot be found that a party was afforded a full and fair opportunity to present his case in the absence of that evidence.").