IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

OHIO VALLEY
ENVIRONMENTAL COALITION,
WEST VIRGINIA HIGHLANDS
CONSERVANCY, WEST VIRGINIA
RIVERS COALITION,
and SIERRA CLUB,

                Plaintiffs,

v.                                          CIVIL ACTION NO. 2:17-cv-03013

FOLA COAL COMPANY, LLC,
                Defendant.

## ANSWER OF DEFENDANT TO COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

For its answers to the allegations in Plaintiffs' Complaint, Defendant Fola Coal Company, LLC ("Fola"), hereby responds to each of the numbered paragraphs set forth in the Complaint.

## INTRODUCTION

1. Paragraph 1 of the Complaint purports to describe the nature of the legal action initiated by Plaintiffs and to that extent requires no response. To the extent that Paragraph 1 contains factual averments, Defendant denies those averments.

2. Paragraph 2 of the Complaint purports to describe the nature of the legal action initiated by Plaintiffs and to that extent requires no response. To the extent that Paragraph 2 contains factual averments, Defendant denies those averments.

3. Paragraph 3 of the Complaint purports to describe the nature of the legal action initiated by Plaintiffs and to that extent requires no response. To the extent that Paragraph 3 contains factual averments, Defendant denies those averments.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 4 contains factual averments, Defendant denies those averments.

5. Defendant admits receipt of the notice described in Paragraph 5 of the Complaint, dated March 1, 2017. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding notice to the other alleged recipients listed in Paragraph 5, and therefore denies those averments.

6. With respect to Paragraph 6 of the Complaint, Defendant admits that more than 60 days passed between the time the Notice of Intent letter (the "NOI Letter") was served on Defendant and the filing of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date that the NOI Letter was served on EPA and WVDEP and therefore denies this averment as it relates to those entities. Defendant admits that it is not aware of any civil, criminal, or administrative penalty action being filed against it by any state or federal governmental agency regarding the allegations in the Complaint.

7. With respect to Paragraph 7 of the Complaint, Defendant admits that the properties listed in the Complaint are located within the Southern District of West Virginia. The remaining averments in Paragraph 7 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the remaining averments in Paragraph 7.

## PARTIES

8. Defendant admits the averments in Paragraph 8 of the Complaint insofar as Defendant is in the business of mining coal; however, Defendant does not at present mine coal at the sites relevant to this action, and was not mining as of the filing of the Complaint but was engaged only in reclamation operations.

9. Defendant admits the averments in Paragraph 9 of the Complaint.

10. With respect to Paragraph 10 of the Complaint, Defendant admits that it owned and operated Surface Mine No. 4A and the Bullpen Surface Mine in Nicholas and Clay Counties, West Virginia, until approximately August 1, 2016 when the Defendant sold substantially all of its assets to Southeastern Land LLC. Defendant further admits that the discharges from these operations into the Right Fork of Leatherwood Creek of the Elk River are regulated under Surface Mining Permits S200502 and S200798, and WV/NPDES Permits WV1013815 and WV1017934. Permits S200798 and WV1017934 were originally obtained by Vandalia Resources, Inc., and were transferred from Defendant to Southeastern Land LLC on August 23, 2017 and October 2, 2017 respectively. Permits S200502 and WV1013815 remain in the name of Defendant.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 11 of the Complaint, and therefore denies them.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 12 of the Complaint, and therefore denies them.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 13 of the Complaint, and therefore denies them.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in Paragraph 14 of the Complaint, and therefore denies them.

15. With respect to Paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments regarding the actions, awareness, or knowledge of Cindy Rank, James Tawney, and Angie Rosser, and therefore denies those averments. Defendant denies the remaining averments contained in Paragraph 15.

16. Paragraph 16 of the Complaint contains conclusions of law to which no response is required.

## STATUTORY AND REGULATORY FRAMEWORK

17. Paragraph 17 of the Complaint purports to quote from, paraphrase, and characterize a federal statute, which speaks for itself.

18. Paragraph 18 of the Complaint purports to paraphrase, and characterize a federal statute, which speaks for itself.

19. Paragraph 19 of the Complaint purports to paraphrase, and characterize a federal statute, which speaks for itself.

20. Paragraph 20 of the Complaint purports to paraphrase, and characterize a federal statute, which speaks for itself.

21. Paragraph 21 of the Complaint purports to quote from, paraphrase, and characterize a federal statute, a Federal Register notice, and a state statute, each of which speak for themselves.

22. Paragraph 22 of the Complaint purports to quote from, paraphrase, and characterize a federal statute, which speaks for itself.

23. Paragraph 23 of the Complaint purports to paraphrase, and characterize a federal statute, which speaks for itself.

24. Paragraph 24 of the Complaint contains conclusions of law to which no response is required.

25. Paragraph 25 of the Complaint purports to quote from, paraphrase, and characterize a federal statute, which speaks for itself.

26. Paragraph 26 of the Complaint purports to paraphrase, and characterize a federal statute, which speaks for itself.

27. Defendant admits the averments in Paragraph 27 of the Complaint, to the extent that "all relevant times" refers to the period of time during which Plaintiffs are alleging violations in this lawsuit.

28. Paragraph 28 of the Complaint purports to quote from, paraphrase, and characterize federal and state regulations, each of which speak for themselves.

29. The first sentence of Paragraph 29 of the Complaint purports to quote from, paraphrase, and characterize a state regulation, which speaks for itself. The second sentence of Paragraph 29 contains conclusions of law to which no response is required.

30. Paragraph 30 of the Complaint purports to quote from, paraphrase, and characterize a state regulation, which speaks for itself.

31. Paragraph 31 of the Complaint purports to quote from, paraphrase, and characterize a federal statute, which speaks for itself.

32. Paragraph 32 of the Complaint purports to quote from, paraphrase, and characterize a federal statute, which speaks for itself.

33. Defendant admits the averments in Paragraph 33 of the Complaint.

**FACTS**

34. Defendant admits the averments in Paragraph 34 of the Complaint.

35. Defendant admits the averments in Paragraph 35 of the Complaint, however, per Defendants answer in Paragraph 10, above, Permit S200798 was transferred from Defendant to Southeastern Land LLC on August 23, 2017.

36. Defendant admits the averments in Paragraph 36 of the Complaint with the exception of the characterization of "stream impacting" activity, which is argumentative and/or contains conclusions of law to which no response is required.

37. Defendant admits the averments in Paragraph 37 of the Complaint with the exceptions that the Corps permit was issued to Vandalia Resources, Inc. on April 15, 1999 (predecessor to Defendant) and the characterization of "stream impacting" activity, which is argumentative and/or contains conclusions of law to which no response is required.

38. With respect to the averments in Paragraph 38 of the Complaint, Defendant admits that WV/NPDES Permit No. WV1013815 authorizes the discharge of pollutants from point sources at Surface Mine No. 4A into waters of the United States. Defendant admits that this permit was reissued in 2014 and remains in effect.

39. With respect to the averments in Paragraph 39 of the Complaint, Defendant admits that WV/NPDES Permit No. WV1017934 authorizes the discharge of pollutants from point sources at Bullpen Surface Mine into waters of the United States. Defendant admits that this permit was reissued in 2014 and remains in effect.

40. Defendant denies the averments in Paragraph 40 of the Complaint.

**Violations of Water Quality Standards at Fola's Surface Mine 4A**

41. The averment in the first sentence of Paragraph 41 of the Complaint characterizes Permit No. WV1013815, which speaks for itself. Defendant denies that Outlet 023 discharges directly into either Right Fork or Cannel Coal Hollow. Defendant admits the averment in the second sentence of Paragraph 41.

42. The averments in Paragraph 42 purport to quote from, paraphrase, and characterize information contained in the applicable permits and/or Discharge Monitoring Reports ("DMRs") each of which speak for themselves. Defendant denies that Outlet 023

6

discharges directly into Right Fork. Southeastern Land, LLC employs water management practices to limit discharges, typically allowing only Outlets 022 and 023 to discharge. Constructed Outlets 020, 025 in Right Fork and Outlets 026, 027 in Cannel Coal Hollow are authorized to discharge under Permit WV1013815, but are routinely pumped to other outlets to prevent discharge. Defendant is without knowledge or information sufficient to form a belief about the truth of the underlying factual averments in the last sentence of the allegation beyond its own operations or that of Southeastern Land, LLC and therefore denies same.

43. The averments in the second and third sentences of Paragraph 43 of the Complaint purport to quote from, paraphrase, and characterize the referenced Cumulative Hydrologic Impact Assessment (CHIA) which speaks for itself. Defendant is without knowledge sufficient to admit or deny the first and last sentences of the allegation and therefore denies same.

44. The averments in Paragraph 44 of the Complaint purport to quote from, paraphrase, and characterize information contained in the applicable permits and/or assessments referred to in the allegation each of which speak for themselves; Defendant reserves the right to amend this answer should discovery or investigation disclose any inaccuracy in this allegation.

45. Defendant denies the assertion in Paragraph 45 of the Complaint that mining operations began at Surface Mine No. 4A in 2001, as Permit S-5002-04 was issued for Surface Mine No. 4A on June 3, 2003. The remaining averments in Paragraph 45 of the Complaint purport to quote from, paraphrase, and characterize information contained in the applicable permits, instream monitoring, DMRs and/or assessments referred to in the allegation each of which speak for themselves; Defendant reserves the right to amend this answer should discovery or investigation disclose any inaccuracy in this allegation.

46. The averments in Paragraph 46 of the Complaint purport to quote from, paraphrase, and characterize information contained in the applicable DMRs referred to in the allegation each of which speak for themselves; Defendant reserves the right to amend this answer should discovery or investigation disclose any inaccuracy in this allegation.

47. The averments in Paragraph 47 of the Complaint purport to quote from, paraphrase, and characterize information presumably contained in the applicable permits, instream monitoring, DMRs and/or assessments referred to in the allegation each of which speak for themselves; Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments related to "Hansen 2014" and "Boardtree Branch" in the allegation and therefore denies them; Defendant reserves the right to amend this answer should discovery or investigation disclose any inaccuracy in this allegation.

48. Defendant denies the averments in Paragraph 48 of the Complaint.

49. Defendant admits that Paragraph 49 of the Complaint characterizes an EPA report. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments from the EPA report quoted in Paragraph 49, and therefore denies them.

50. Defendant admits that Paragraph 50 of the Complaint characterizes a number of studies. Defendant lacks knowledge or information sufficient to form a belief about the truth of the underlying factual averments in Paragraph 50, and therefore denies them.

51. Paragraph 51 of the Complaint characterizes discharges from Outlets 022 and 023 in the context of a number of studies, each of which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief about the truth of the underlying factual averments in Paragraph 51, and therefore denies them.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 52 of the Complaint, and therefore denies them.

53.   Defendant admits the averments in Paragraph 53 of the Complaint.

54.   Defendant admits the averments in Paragraph 54 of the Complaint.

55.   The averments in Paragraph 55 of the Complaint purport to quote from, paraphrase, and/or characterize information contained in the applicable permits, instream monitoring, DMRs and/or assessments referred to in the allegation each of which speaks for themselves; however, Defendant reserves the right to amend this answer should discovery or investigation disclose any inaccuracy in this allegation.

56.   Defendant denies the averments in Paragraph 56 of the Complaint.

**Violations of Water Quality Standards at Bullpen Surface Mine**

57.   Defendant admits the averments in Paragraph 57 of the Complaint, excepting that there are no Outlets 007 or 008. Defendant denies the averments regarding those outlet numbers.

58.   The averments in Paragraph 58 of the Complaint are derived from the applicable permits and DMRs, each of which speaks for itself. Typically, only Outlets 001 and 009 to discharge. Constructed Outlets 004 and 005 are authorized to discharge under Permit WV1017934, but flow is routinely rerouted to other outlets to prevent discharge. Defendant admits that Outlets 002, 003, and 006 have not been constructed. Defendant is without knowledge or information sufficient to form a belief about the truth of the underlying factual averments in the last sentence of the allegation beyond its own operations and that of Southeastern Land, LLC and therefore denies same.

59.   The averments in Paragraph 59 of the Complaint purport to quote from, paraphrase, and/or characterize information contained in the applicable CHIA referred to in the allegation which speaks for itself.

60. The averments in Paragraph 60 of the Complaint purport to quote from, paraphrase, and characterize information contained in the applicable CHIA and benthic assessment referred to in the allegation which speak for themselves; the cited CHIA quotations do not appear in the May 19, 2005 CHIA Update (to which the allegation appears to refer) and is therefore denied.

61. The averments in Paragraph 61 of the Complaint purport to quote from, paraphrase, and/or characterize information contained in the applicable permits, instream monitoring, DMRs and/or assessments referred to in the allegation each of which speaks for themselves. Defendant reserves the right to amend this answer should discovery or investigation disclose any inaccuracy in this allegation. Defendant denies the allegation in the last sentence of Paragraph 61 of the Complaint that biological impairment has been demonstrated and/or that water quality standards have been violated.

62. The averments in Paragraph 62 of the Complaint purport to quote from, paraphrase, and/or characterize information contained in the applicable permits, instream monitoring, DMRs and/or assessments referred to in the allegation each of which speaks for themselves; however, Defendant reserves the right to amend this answer should discovery or investigation disclose any inaccuracy in this allegation.

63. The averments in Paragraph 63 of the Complaint purport to quote from, paraphrase, and/or characterize information contained in the applicable permits and/or DMRs referred to in the allegation each of which speaks for themselves; however, Defendant reserves the right to amend this answer should discovery or investigation disclose any inaccuracy in this allegation.

64. Defendant denies the averments in Paragraph 64 of the Complaint.

65. The averments in Paragraph 65 of the Complaint purport to quote from, paraphrase, and characterize information contained in the applicable permits and/or DMRs referred to in the allegation each of which speaks for themselves; Defendant denies that instream conductivity is "far in excess" of EPA's benchmark.

66. Defendant denies the averments in Paragraph 66 of the Complaint.

### FIRST CLAIM FOR RELIEF
### (CWA Permit Violations)

67. Defendant responds to Paragraph 67 of the Complaint by incorporating its responses to Paragraphs 1 through 66 above.

68. Defendant admits the averments in Paragraph 68 of the Complaint, except that it denies that Outlet 023 discharges directly into Right Fork.

69. Defendant admits the averments in Paragraph 69 of the Complaint.

70. Defendant denies the averments in Paragraph 70 of the Complaint.

71. Defendant denies the averments in Paragraph 71 of the Complaint.

72. Defendant denies the averments in Paragraph 72 of the Complaint.

73. Defendant denies the averments in Paragraph 73 of the Complaint.

### SECOND CLAIM FOR RELIEF
### (CWA Certification Violations)

74. Defendant responds to Paragraph 74 of the Complaint by incorporating its responses to Paragraphs 1 through 73 above.

75. Defendant admits the averments in Paragraph 75 of the Complaint.

76. Defendant admits the averments in Paragraph 76 of the Complaint..

77. Defendant denies the averments in the first sentence of Paragraph 77 of the Complaint. Defendant admits that the remainder of Paragraph 77 is quotations from WVDEP's § 401 certifications.

78. Defendant denies the averments in Paragraph 78 of the Complaint.

79. Defendant denies the averments in Paragraph 79 of the Complaint.

80. Defendant denies the averments in Paragraph 80 of the Complaint.

81. Defendant denies the averments in Paragraph 81 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(SMCRA Violations)**

82. Defendant responds to Paragraph 82 of the Complaint by incorporating its responses to Paragraphs 1 through 81 above.

83. Defendant admits the averments in Paragraph 83 of the Complaint.

84. Defendant admits the averments in Paragraph 84 of the Complaint.

85. Defendant admits the averments in Paragraph 85 of the Complaint.

86. Defendant admits the averments in the first sentence of Paragraph 86 of the Complaint. The second sentence of Paragraph 86 is a conclusion of law which no response is required and is therefore denied.

87. Defendant denies the averments in Paragraph 87 of the Complaint.

88. Defendant admits the averments in Paragraph 88 of the Complaint.

89. Defendant denies the averments in Paragraph 89 of the Complaint.

90. Defendant denies the averments in Paragraph 90 of the Complaint.

91. Defendant denies the averments in Paragraph 91 of the Complaint.

**RELIEF REQUESTED**

Defendant denies that Plaintiffs are entitled to any of the relief requested.

**AFFIRMATIVE AND OTHER DEFENSES**

Plaintiffs' action and the relief requested are or may be barred by any of the following:

    a.    A lack of standing.

b. Lack of subject matter jurisdiction.

c. The doctrine of laches or the applicable statute of limitations.

d. Upsets, allowable bypasses or acts beyond the reasonable control of Defendant.

e. Release.

f. Inadequate notice of intent to sue under 33 U.S.C. §1365.

Defendant hereby gives notice that, as appropriate, it intends to rely on such affirmative defenses listed in Rule 8(c) of the Federal Rules of Civil Procedure that may become available or apparent to it during the course of discovery and reserves the right to amend its answer to assert any such or any other defense.

Respectfully submitted,

**FOLA COAL COMPANY, LLC**
By Counsel

/s/ John C. Wilkinson, Jr.
David L. Yaussy - WV Bar No. 4156
Nicholas S. Preservati - WV Bar No. 8050
John C. Wilkinson - WV Bar No. 8869
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 273
Charleston, WV 25321-0273
Telephone: 304.340.3800
Fax: 304.340.3801

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

OHIO VALLEY
ENVIRONMENTAL COALITION,
WEST VIRGINIA HIGHLANDS
CONSERVANCY, WEST VIRGINIA
RIVERS COALITION,
and SIERRA CLUB,

              Plaintiffs,

v.                             CIVIL ACTION NO. 2:17-cv-03013

FOLA COAL COMPANY, LLC,

              **Defendant.**

## CERTIFICATE OF SERVICE

I, John C. Wilkinson, Jr., hereby certify that on May 15, 2018, I electronically filed the foregoing *"Answer of Defendant Fola Coal Company, LLC"* with the Clerk of the Court using the CM/ECF system and that this same filing was therefore received through electronic transmittal via the CM/ECF system by the following opposing counsel of record:

J. Michael Becher, Esquire
Joseph Mark Lovett, Esquire
P.O. Box 507
Lewisburg, West Virginia 24901

James M. Hecker, Esquire
Suite 630
1620 L Street, NW
Washington, DC 20036

                                        */s/ John C. Wilkinson, Jr.*
                                        John C. Wilkinson, Jr. (WV Bar # 8869)
                                        *Counsel for Fola Coal Company, LLC*